**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES T. DAVIS, | No. 12-15018 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-01184-LJO-GBC |
| v. | |
| CLARK J. KELSO, Receiver; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted March 12, 2013[**]

Before:    PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

California state prisoner Charles T. Davis appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action for failure to comply with

the court's order to pay the required filing fee after denying his application to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

proceed in forma pauperis under 28 U.S.C. § 1915(g). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's interpretation and application of § 1915(g). *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007). We vacate and remand.

The district court properly determined that at least three of Davis's prior § 1983 actions were dismissed on the basis that they were frivolous, malicious, or failed to state a claim. *See* 28 U.S.C. § 1915(g); *see also Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (for purposes of § 1915(g), district court must look at dismissal orders and other relevant records to determine if the basis of prior dismissals was that the action was frivolous, malicious, or failed to state a claim).

However, the district court improperly denied Davis's application to proceed in forma pauperis without assessing Davis's allegations that he faced a serious threat of imminent physical harm related to contracting Valley Fever from being housed in certain "endemic" areas of the prison. *See Cervantes*, 493 F.3d at 1055-57 (allegation that plaintiff was at risk of contracting HIV or Hepatitis C if housed in close proximity to inmates with such contagious diseases satisfied the exception under § 1915(g) that a prisoner under imminent danger of serious physical injury be allowed to proceed in forma pauperis). Accordingly, we vacate and remand to allow the district court to assess whether Valley Fever is a serious health condition

and whether Davis sufficiently alleged a serious and ongoing risk of contracting it at the time he filed his complaint.

**VACATED and REMANDED.**